MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane, Bar No. 149206
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001
molly.lane@morganlewis.com

Attorneys for Defendant
Philips RS North America LLC

SULLIVAN & CROMWELL LLP
Michael H. Steinberg, Bar No. 134179
1888 Century Park East
Los Angeles, CA  90067-1725
Telephone:   +1.310.712.6670
Facsimile:    +1.310.712.8800
steinbergm@sullcrom.com

Attorneys for Defendant
Philips North America LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN SPEAR,<br><br>                    Plaintiff,<br><br>          vs.<br><br>KONINKLIJKE PHILIPS N.V.,<br>PHILIPS NORTH AMERICA LLC,<br>PHILIPS RS NORTH AMERICA LLC;<br>and DOES 1-100, inclusive<br><br>                    Defendants. | Case No. 2:22-CV-6571<br><br>[Removed From Los Angeles Sup. Ct.<br>Case No. 22NWCV00718]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANTS PHILIPS NORTH AMERICA LLC AND PHILIPS RS NORTH AMERICA LLC**<br><br>*[Notice of Appearance; Civil Cover Sheet; Corporate Disclosure Statement filed concurrently herewith]*<br><br>Complaint Filed:   August 17, 2022<br>Complaint Served: N/A<br>Notice of<br>Removal Filed:      September 14, 2022 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Philips North America LLC ("Philips North America") and Philips RS North America LLC ("Philips RS") (collectively, "Defendants" or "Philips")[1] hereby provide notice, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the removal of the above-captioned case from the Superior Court of the State of California in and for the County of Los Angeles, in which it is now pending at Case No. 22NWCV00718 (the "Underlying Action"), to the United States District Court for the Central District of California, and state as follows:

## I.   INTRODUCTION

1.      On August 17, 2022, John Spear ("Plaintiff") filed a complaint in the Superior Court of the State of California in and for the County of Los Angeles, Case No. 22NWCV00718 (the "Complaint"), attached as **Exhibit A, Complaint**.

2.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon Defendants, including the Complaint, are attached.

3.      No defendant has been served in this litigation.

4.      By filing a Notice of Removal, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendants specifically reserve their right to assert any defenses and objections to which they are entitled.

## II.   FACTUAL BACKGROUND

5.      Plaintiff alleges Philips manufactures and sells ventilators, Continuous Positive Airway Pressure ("CPAP"), and Bilevel Positive Airway Pressure ("BiPAP") machines.  Ex. A, ¶¶ 1, 24.

---

[1] As of the filing of this Notice, Koninklijke Philips N.V. has not been served with the Complaint in this action.  In the Complaint, Plaintiff acknowledges that Koninklijke Philips N.V. is "a Dutch multinational corporation with its principal place of business located in Amsterdam, Netherlands," and therefore is diverse from Plaintiff.  Ex. A, ¶ 13.

6.      Plaintiff alleges that on June 14, 2021, Philips issued a recall notification for many of its CPAP and BiPAP devices, as well as a number of its ventilator devices, due to potential health risks related to the alleged degradation of polyester-based polyurethane ("PE-PUR") sound-abatement foam used in the affected devices. *Id*. ¶¶ 3, 26.

7.      Plaintiff alleges PE-PUR sound-abatement foam degradation may have negative health effects, including irritation, inflammatory response, headache, asthma, adverse effects to organs such as the kidneys and liver, and carcinogenic effects, and may cause serious injury that can be life-threatening or cause permanent impairment.  *Id*. ¶¶ 3-4, 6, 26, 28-31.

8.      Plaintiff alleges he purchased a Philips Respironics DreamStation device numbed J176451130B68 (the "Device") in or around October 2018, which he used regularly until approximately August 25, 2021.  *Id*. ¶¶ 3.

9.      Plaintiff contends that he experienced throat irritation, was "diagnosed with severe health issues," "experienced anxiety concerning the serious health risks," and has "undergone medical treatment and will likely undergo further medical treatment and procedures," beginning on September 16, 2021 and continuing thereafter. *Id*. ¶¶ 9, 10, 42, 52, 60, 69, 72, 89, 98, 103, 123.  Plaintiff also alleges he has incurred medical expenses. *Id*. ¶¶ 10, 52, 60, 69, 72, 89, 98, 103, 123.

10.     Plaintiff further alleges that the health risks associated with use of the recalled devices renders them worthless and required him to incur considerable expense to replace the device (*id*. ¶¶ 10, 32-35), and that Philips unreasonably delayed its recall (*id*. ¶¶ 36-38).

11.     The Complaint asserts causes of action for negligent products liability (design defect, manufacturing defect, and failure to warn), *id*. ¶¶ 49-52; strict products liability design defect, *id*. ¶¶ 53-62; strict liability manufacturing defect, *id*. ¶¶ 63-69; strict products liability failure to warn, *id*. ¶¶ 70-74; breach of express warranty, *id*. ¶¶ 74-89; breach of implied warranty of merchantability, *id*. ¶¶ 90-98;

intentionally misrepresentation, *id*. ¶¶ 99-107; concealment, *id*. ¶¶ 108-114; and negligent misrepresentation, *id*. ¶¶ 115-123.

12. Plaintiff demands general damages, special damages, permitted interest and costs, and any other relief the court considers proper. *Id*. at 22.

## III. <u>NOTICE OF REMOVAL IS TIMELY</u>

13. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

14. No defendant has been served in this action.

15. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

16. This notice is timely because it has been filed within thirty days of service on each defendant.

17. Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c)(1).

## IV. <u>GROUNDS FOR REMOVAL</u>

18. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

19. The court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Therefore, Defendants may remove this action to federal court pursuant to 28 U.S.C. § 1441(b).

### A. <u>There is complete diversity.</u>

21. Diversity jurisdiction "require[s] complete diversity of citizenship," i.e.,

"the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Jacob, LLC*, 393 F. Supp. 3d 912, 919 (C.D. Cal. 2019) ("Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000.").

22.     The general rule is that diversity is determined at the time of the filing of a lawsuit, not at the time the injuries were suffered. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) ("When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court."); *Murphy v. Am. Gen. Life Ins. Co*., No. ED CV14-00486 JAK SP, 2014 WL 3417606, at *2 (C.D. Cal. July 1, 2014).

### 1. Plaintiff is a California citizen.

23.     An individual is a citizen of the state in which he or she is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002).

24.     However, "[i]t is a longstanding principle that '[t]he place where a person lives is taken to his domicile until facts adduced establish the contrary.'" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (citations omitted); *Lee v. BMW of N. Am., LLC*, No. SACV1901722JVSADSX, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) ("The Court agrees with [other courts that have held that residence constitutes prima facie evidence of domicile and citizenship] and holds that a person's residence is prima facie evidence of domicile and citizenship."); *Jimenez v. Charter Commc'ns Inc*., 2018 WL 5118492, at *3 (C.D. Cal. Oct. 19, 2018); *Cisneros Pantoja v. RAMCO Enters., L.P*., No. 19-CV-03336-LHK, 2019 WL 5959630, at *10 (N.D. Cal. Nov. 13, 2019) ("The Court agrees with these courts and holds that a person's residence is prima facie evidence of domicile and citizenship.").

25.     Plaintiff states he is a resident of the greater Los Angeles, California area.  Ex. A, ¶ 12.

26.     Thus, Plaintiff is a citizen of California.

2.      Defendant Philips RS is a citizen of Massachusetts and Delaware.

27.    Philips RS is a Delaware limited liability company with its principal place of business located in Pennsylvania.  **Exhibit B, Philips RS North America LLC Corporate Records & Business Registrations**.

*28.*    As a limited liability company and for purposes of diversity jurisdiction, however, Philips RS is a citizen of the states where its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

29.    Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, Massachusetts 02141.  **Exhibit C, Philips RS North America Holding Corporation Corporate Records & Business Registrations**.

30.    For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

31.    Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS is also a citizen of both Delaware and Massachusetts.  Philips RS is therefore a citizen of states different than Plaintiff.

3.      Defendant Philips North America is a citizen of Delaware and Massachusetts.

32.    Philips North America is a Delaware limited liability company with its principal place of business in Massachusetts.  **Exhibit D, Philips North America LLC Corporate Records & Business Registrations**.

33.    Philips North America is wholly owned by a single member, Philips Holding USA, Inc., a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141.  **Exhibit E, Philips Holding**

1   **USA, Inc., Corporate Records & Business Registrations**.

2       34.    Accordingly, because Philips Holding, Inc., is a citizen of both

3   Delaware and Massachusetts, Philips North America is also a citizen of both

4   Delaware and Massachusetts. Therefore, Philips North America is diverse from

5   Plaintiff. *See Johnson*, 437 F.3d at 899 (explaining that LLC has citizenship of its

6   members); 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of the

7   state where it is incorporated and the state of its principal place of business).

8           4.    <u>The citizenship of fictitiously named defendants is not counted</u>

9   <u>toward diversity jurisdiction and is therefore irrelevant</u>.

10       35.    Plaintiff names DOES 1-100 as fictitiously named defendants.  Ex. A,

11   ¶¶ 16-18.

12       36.    In determining whether a civil action is removable on the basis of

13   diversity jurisdiction, the citizenship of defendants sued under fictitious names is

14   disregarded.  28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris Inc.*, 311 F.3d 966,

15   971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for

16   removal purposes and becomes relevant only if and when the plaintiff seeks leave to

17   substitute a named defendant."); *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-

18   00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020).

19       37.    Therefore, the citizenship of DOES 1-100 has no bearing on diversity

20   of citizenship here.

21           5.    <u>Therefore, there is complete diversity of citizenship</u>.

22       38.    Accordingly, there is complete diversity between the parties.

| <u>Plaintiff</u> | <u>Defendants</u> |
|---|---|
| James Spear (CA) | Philips North America (DE/MA) <br> Philips RS (DE/MA) |

**B.**   **The amount-in-controversy requirement is satisfied.**

39.   There plainly is more than $75,000, exclusive of interest and costs, in controversy.  *See* 28 U.S.C. § 1332(a).

40.   Plaintiff does not explicitly plead in the Complaint that the amount in controversy exceeds $75,000.  Given the nature and extent of Plaintiff's allegations and injuries, however, the amount in controversy plainly exceeds the jurisdictional threshold exclusive of interests and costs.

41.   Although Defendants deny liability to Plaintiff, the nature of the case (a medical device products liability action), the harm alleged ("severe health issues," Ex. A, ¶ 9, emotional suffering, and financial and economic loss), and the nature of the damages requested (general damages, special damages, among others) clearly place more than $75,000, exclusive of interest and costs, in controversy.

42.   "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (citation omitted); *Rahmatullah v. Charter Commc'ns, LLC*, No. EDCV20354PSGSPX, 2020 WL 4014746, at *2 (C.D. Cal. July 15, 2020).

43.   In *Black v. Monster Beverage Corp*., the court found the amount-in-controversy requirement satisfied in an action for strict product liability, negligence, fraudulent concealment, and breach of implied warranties where plaintiffs sought compensatory damages for severe injuries, medical expenses, reduced earning capacity, lost wages, and loss of consortium.  No. EDCV1502203MWFDTB, 2016 WL 81474, at *1 (C.D. Cal. Jan. 7, 2016).

44.   In *Campbell v. Bridgestone/Firestone, Inc*., plaintiffs asserted strict products liability, negligence, and breach of warranty claims, seeking compensatory damages for wage loss, loss of use of property, hospital and medical expenses, general damage, property damage and loss of earning capacity.   No.

1   CIVF051499FVSDLB, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006).  The court

2   held that it was facially apparent that the amount in controversy exceeds $75,000.00,

3   noting that, in addition to damages sought, plaintiffs' claims included "severe

4   injury." *Id*. at *3.

5       45.    The *In re: Incretin Mimetics Products Liability Litigation* court found

6   the amount-in-controversy requirement satisfied in a products liability action where

7   plaintiffs alleged serious injury, and sought to recover past and future compensatory

8   damages, medical and incidental expenses, loss of earnings and earning capacities,

9   and future medical monitoring.  No. 13MD2452 AJB (MDD), 2015 WL 11658714,

10  at *4 (S.D. Cal. Mar. 16, 2015).

11      46.    In *Hammarlund v. C.R. Bard, Incorporated*, the court concluded that

12  "[i]n cases involving severe injuries, especially those requiring surgery, courts have

13  found it facially apparent from the complaint that the amount in controversy was

14  satisfied." No. 215CV05506SVWJEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2,

15  2015) (finding amount in controversy satisfied in personal injury suit).

16      47.    In *Bryant v. Apotex, Inc.*, plaintiff brought claims in negligence,

17  intentional tort, products liability, and fraud for failure to warn.  No. 1:12-CV-01377-

18  LJO, 2012 WL 5933042, at *4 (E.D. Cal. Nov. 27, 2012).   Plaintiff sought

19  compensatory damages for injuries and severe pain, emotional distress, and punitive

20  damages. *Id*. at *4.  The court held that because of the allegations and demands, in

21  addition to the finding that similar cases resulted in jury verdicts over $75,000, the

22  amount in controversy was satisfied in this case, as well. *Id*.

23      48.    Similarly, Plaintiff alleges "severe" injuries, emotional injuries,

24  financial injuries, and economic injuries.  He alleges he has "undergone medical

25  treatment and will likely undergo further medical treatment." Ex. A, ¶¶ 42, 52, 60,

26  69, 72, 89, 98, 103, 123.  He is seeking to recover general damages and special

27  damages for these injuries, including medical expenses.

28      49.    Based on these allegations, Plaintiff's claims, if proved, would exceed

$75,000.00, exclusive of interest and costs. Accordingly, the amount-in-controversy requirement is satisfied.

**V.    VENUE**

50.    This lawsuit may be removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

51.    The United States District Court for the Central District of California is the federal judicial district encompassing the Superior Court of the State of California in and for the County of Los Angeles, where this suit was originally filed. 28 U.S.C. § 84(c)(2).

52.    On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order consolidating related class action cases and individual personal injury cases such as this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania before the Honorable Joy Flowers Conti (the "MDL") for coordinated or consolidated pretrial proceedings. **Exhibit F, Transfer Order**.

53.    It is anticipated that this case will be transferred to the MDL following removal.

**VI.    CONSENT**

54.    Each Defendant that has been properly joined and served consents to removal as required by 28 U.S.C. § 1446(b)(2).

**VII.    PROCEDURE**

55.    Written notice of the filing of the Notice of Removal will be promptly served on all other parties to this action and a copy will be promptly filed with the Superior Court of the State of California in and for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

56.    Included with this Notice of Removal is the filing fee of $350 required by 28 U.S.C. § 1914.

## VIII.  **CONCLUSION**

Defendants respectfully remove this action from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California.

Respectfully submitted,

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  +1.215.963.5000
Facsimile:   +1.215.963.5001
john.lavelle@morganlewis.com

*Of Counsel for Defendant Philips RS*
*North America LLC*

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY  10004-2498
Telephone:  +1.212.558.7375
Facsimile:   +1.212.558.3588
monahanw@sullcrom.com

*Of Counsel for Defendant Philips North*
*America LLC*

Dated:  September 14, 2022

**MORGAN, LEWIS & BOCKIUS LLP**

By  */s/ Molly Moriarty Lane*
Molly Moriarty Lane

*Attorneys for Defendant*
*Philips RS North America LLC*

**SULLIVAN & CROMWELL LLP**

By  */s/ Michael H. Steinberg*
Michael H. Steinberg

*Attorneys for Defendant*
*Philips North America LLC*

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2022 I filed this Notice of Removal with the Clerk of the Court via CM/ECF system and first class mail, which will send notice of electronic filing to:

DANA B. TASCHNER, SBN 135494
2029 Century Park East, Suite 400
Los Angeles, CA 90067
Tel: (310) 592-4515
Email: dana@danataschner.com

ANTHONY J. CRAWFORD, SBN 105615
2945 Townsgate Rd Ste 200
Westlake Village, CA 91361
Tel: (805) 620-0557
Email: anthony@anthonycrawfordlegal.com

Counsel for Plaintiff


/s/ Molly Moriarty Lane
Molly Moriarty Lane